gives the lender no right to claim of the borrower, compensation for procuring the loan. That such a money lender has no right to charge the borrower with commissions. The owner of the money lent has no right to charge for making the loan, any thing more than six per cent., which the law allows him. If he should take any thing more, it would be usury. Neither cɐn his agent do it. Nor can the principal and agent by joining together, take from a person to whom they lend money, more than six per cent., without violating the law.

Yet if a man in want of money employs another as an agent to procure it for him, the value of the service thus rendered for him, and on his employment, can be recovered in this action; just as any other services rendered for another at his request, may be the subject of an action.

The plaintiff had a verdict.

*Rodney*, for plaintiff.
*Gordon*, for defendant.

---

Lessee of JOHN SHARPLEY *vs.* SAMUEL JONES and BRIDGET McLAUGHLAN, terre tenants.

Lessee of JOHN SHARPLEY *vs.* ELIJAH LOPER, terre tenant.

A widow is not entitled, as against the alienee of her husband, to the possession of land out of which she is dowable, before dower assigned.

THESE were actions of ejectment.

The following case stated was agreed upon by the parties:—

James McGlaughlan was seized and in possession of a farm in fee, which was levied on by virtue of execution process against him, and sold on the 25th of January, 1851, to John Sharpley; the sale was confirmed at the May term, 1851, and a deed was made by the sheriff on the 21st of June. James McLaughlen died June 12, 1851. The defendant, Bridget McGlaughlan, is his widow, and remained on the premises after his death.

An application was made to the court at the term to which the

sale was returned and confirmed, on behalf of the purchaser, for a writ of possession; which was refused. Whereupon, the purchaser brought ejectment against the widow and the other defendants, who were tenants of the premises. It was admitted that Mrs. McLaughlan was entitled to dower in the premises, and that it had not been assigned to her.

*Mr. Patterson.*—The question is, whether the purchaser at sheriff's sale on execution process, is entitled to recover possession of the premises, in the action of ejectment, against the widow of the defendant, she being entitled to dower, but no proceedings having been taken for the assignment of dower.

The action of ejectment is a substitute for all the English remedies for recovery of possession of lands wherein an entry may be made. (*Digest*, 170.) Any one having the right of entry may enter at any time within twenty years from the time his title accrued. (*Ibid*, 396.) If this be not a proper remedy in the present case, there is none. A purchaser under execution takes all the title of the defendant. The right to the possession as well as the right to the freehold, passes by the sale. (*Ibid*, 205; 2 *Harr. Rep.*, 339.) The purchaser at sheriff's sale is regarded as the alienee of the defendant. On a sale, the defendant being in possession, is not entitled to notice to quit. (7 *B. Mun. Rep.*, 258.) A dowress is not entitled to the possession, until dower is assigned. (2 *Harr. Rep.*, 333.) At common law she had her " quaranteen," the right to remain in the principal mansion for forty days; she might, after the lapse of that time, be put out by the heir, without assigning dower. (8 *U. S. Digest*, 111; 8 *Kelly*, 207.) The widow has no estate until the assignment, and no right to the possession. When dower has been assigned, the widow can maintain an action for the possession. (20 *Johns. Rep.*, 412; 17 *Ibid*, 166.) Dower cannot be recovered in an action of ejectment, until it is assigned. (7 *Johns. Rep.*, 246.) The New York statute and magna charta are the same; the widow is entitled to her quaranteen, but she may be expelled the possession thereafter. (16 *Mass. Rep.*, 193; 2 *Cowen Rep.*, 638.) In this State the widow has no right to the possession of intestate land until assignment, as against either the heir or the alienee of her husband. The sale by the sheriff entitled the purchaser to possession; and on obtaining a deed, this right relates to the day of sale. The husband, therefore, did not die seized; and his widow had on no ground the right to the possession.

*Mr. Wales* cited 3 *Wils. Rep.*, 519, and contended that the right of dower was paramount to any act of the husband, or any right derived from him. It is a favored right; a right of which she was in possession upon the death of her husband, not only in her own right, but as guardian for her children.

He contended that the widow was a tenant in common with the purchaser, subject to partition under the act of assembly, and not liable to be expelled by the action of ejectment.

Judgment for plaintiff.

*Patterson*, for plaintiff.
*Wales*, for defendant.

---

### CHARLES BUSH, Adm'r. of ESAU COXE *vs.* PATRICK DEVINE.

If credit be given to an agent, with knowledge of the principal, the latter cannot be charged. If without knowledge of the principal, he may afterwards be charged before settlement between the principal and agent.

ASSUMPSIT for goods sold, &c. Pleas, non assumpsit, &c., &c.

The action was for bricks sold by Coxe, in his life-time, to James Kane, but which were really for defendant. The bricks were charged to James Kane, agent for Patrick Devine.

The defence set up—1. That the bricks were furnished to Kane, as principal; 2. that a part of them were furnished to one Davis, a sub-contractor.

*Mr. Bayard* offered the books of Esau Coxe in evidence, to prove that a separate account was kept against Davis, and they were objected to.

*The Court* ruled them out for this purpose, saying they were admissible only to charge the party to the suit, and not to show accounts between other persons.

*Mr. Bayard* excepted to this opinion.

*The Chief Justice* charged:—1. If knowing the principal, a sale be made to an agent, and credit be given to the agent, the seller cannot turn round and sue the principal.